# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL ACUNA and JERRY SHAFFER, as individuals and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>So. Nev. T.B.A. Supply Co., a Nevada corporation, doing business as Ted Wiens Tire & Auto Centers,<br><br>        Defendant. | Case No. 2:16-cv-00457-GWF<br><br>**ORDER REGARDING CLARIFICATION OF PROPOSED SETTLEMENT** |

The parties' joint motion to approve settlement requests preliminary approval and conditional certification of the "Mechanics Subclass" and "Technicians Subclass" as FLSA opt-in collective action classes pursuant to 29 U.S.C. § 216. *Joint Motion* (ECF No. 63), at 3-5. This is consistent with paragraphs 1.i. and 1.j. of the Stipulation and Agreement for Settlement and Release, which states that the members of those proposed classes are persons who "consent[] to be a party in the FLSA claims in the Action and to release claims subject to Court approval." *Joint Motion, Exhibit 1.* at 2. The joint motion does not propose that the Uniform Subclass be conditionally certified as an FLSA collective action class pursuant to 29 U.S.C. § 216.

With respect to certification of a Rule 23 class, the joint motion states:

> The parties request that the Court, for purposes of settlement, certify the following Class and Subclasses pursuant to Rule 23 of the Federal Rules of Civil Procedure. Under the Settlement, the term "Class Members," when used generally, means those persons employed by Defendant during the Class Period of March 2, 2013 to January 31, 2017 and who fall within at least one of the Subclasses immediately below:

|   |   |
|---|---|
| 1 | (i) "Mechanics Subclass," as described above. |
| 2 | (ii) "Technicians Subclass," as described above. |
| 3 | (iii) "Uniform Subclass," for which Daniel Acuna and Jerry Schaffer are the representatives, consists of those persons employed by Defendant during the Class Period who paid, through payroll deductions, fees to cover the costs of laundering their uniforms. |

*Joint Motion* (ECF No. 63) at 6.

The foregoing statement appears consistent with paragraph 9 of the Stipulation and Agreement for Settlement and Release which states:

> 9. Solely for purposes of settling this Action, the Parties stipulate and agree that the requisites for establishing an FLSA "class" for purposes of certifying a collective action of the Mechanics and Technicians Subclasses under 29 U.S.C. § 216(b) have been, and are, met. The Parties further stipulate and agree that the requisites for a Fed.R.Civ.P. 23 class certification have been, and are, met with respect to the Nevada state law claims asserted in this Action. More specifically, for purposes of this Settlement only, the Parties stipulate and agree:
>
> a. The Settlement Class and including each of the subclasses in paragraphs 1(i), (j), and (k) above, is so numerous as to make it impracticable to join all Class Members.

*Joint Motion, Exhibit 1*, at 8.

Thus, a reading of the joint motion and Stipulation and Agreement for Settlement and Release appears to contemplate the certification of a Rule 23 class that includes the Mechanics, Technicians, and Uniform subclasses. At the January 11, 2018 hearing, however, counsel for Plaintiffs and Defendant advised the Court that they do not request certification of the Mechanics or Technicians subclasses as part of the Rule 23 class. Rather, the only Rule 23 class will be the Uniform Class. The joint motion and Stipulation and Agreement for Settlement and Release should be amended to clarify this position.

Pursuant to Rule 23, members of the Uniform Class who receive notice of the class action, and do not request exclusion, will be bound by the settlement if it is approved by the Court. Paragraph 1.bb. of the Stipulation and Agreement for Settlement and Release states as follows:

> "Released Claims-Uniforms" means the claims to be released by the Uniform Subclass, including all claims and causes of action, asserted via claim made with any federal or state administrative agency or through a

> legal action or lawsuit, relating to, or in connection with, any monies deducted from their paychecks or otherwise paid to Defendant for laundering or for otherwise cleaning of their uniforms worn for work at Defendant's place of business, under federal or state law, including but not limited to, claims under NRS 608.165, Chapter 608 of NRS, the FLSA, conversion, and unjust enrichment, as well as all other claims that could have been made that arise out of those facts, from the beginning of time through the date of court approval.

*Joint Motion, Exhibit 1*, at 5.

The legal claims of Rule 23 Uniform Class members arising under the FLSA, however, are not subject to release or extinguishment. It not clear what, if any, other federal claims are subject to being released with respect to the Rule 23 Uniform Class.

During the January 11th hearing, the Court also recommended that the settlement and related documents be modified to provide that payments be made to Rule 23 Uniform Class members without requiring them to submit written claim forms to participate in the settlement. *See Millan v. Cascade Water Services, Inc.*, 310 F.R.D. 593, 609 (E.D.Cal. 2015). Defendants' counsel indicated that she would work on revised provisions to address this issue.

The Court requests that the parties file an amended joint motion to approve settlement, and stipulation and agreement for settlement and release to make clear: (1) that the proposed settlement in this case does not contemplate the inclusion of the "Mechanics" and "Technicians" subclasses in the Rule 23 class; (2) that claims of Rule 23 Uniform Subclass members arising under the FLSA will not be released or extinguished; and (3) to address whether Rule 23 class members who do not request exclusion from the class, should be required to submit a written claim form to participate in the settlement. The parties may also request a hearing to further discuss these matters if they so desire, and the Court will promptly schedule a hearing.

**IT IS SO ORDERED.**

DATED this 2nd day of February, 2018.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge