KAMER ZUCKER ABBOTT
Carol Davis Zucker    #2543
Nicole A. Young       #13423
3000 W. Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel. (702) 259-8640
Fax (702) 259-8646
czucker@kzalaw.com
nyoung@kzalaw.com

Attorneys for Defendant
Southern Nevada T.B.A. Co.
d/b/a Ted Wiens Auto & Tire Centers

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL ACUNA; and JERRY SCHAFFER, as individuals, and on behalf of others similarly situated, ) ) ) | Case No. 2:16-cv-00457-GWF |
| Plaintiffs, ) ) ) | **STIPULATION AND ORDER TO AMEND SETTLEMENT** |
| vs. ) ) ) | |
| SOUTHERN NEVADA T.B.A CO., a Nevada Corporation, doing business as "TED WIENS TIRE & AUTO CENTERS", ) ) ) ) | |
| Defendants. ) ) | |

The Parties have encountered some delays in mailing the Notices of Class Action Settlement and so respectfully request the court approve a few changes to the terms of settlement, all of which pertain to administration of the settlement.

***Recent History and Present Status***.

1.     This Court preliminarily approved the Settlement on March 19, 2018 (ECF No. 80).  The parties agreed, and the Court preliminarily approved, that Defendant would pay the Maximum Settlement Amount would be made over ten monthly installments, payments to Class Counsel and Class Members would be made from the monthly payments.  There was concern on

the part of the Claims Administrator as to the costs of mailing due to postage costs for so many checks.

2.      Plaintiffs' lead counsel, Andrew Rempfer, passed away on April 25, 2018.  This followed a serious illness, with sudden onset, for which he was hospitalized at UCLA Medical Center in Los Angeles.  He was initially expected to recover.  Mr. Rempfer had considerable experience in employment wage and hour collective and class action litigation and settlements, negotiated the terms of the settlement agreement with Defendant's counsel, and had been working with the court-approved Claims Administrator.[1]  Since Mr. Rempfer's passing, at the same time the parties were working to finalize the form of the Notice of Class Action Settlement and working with the Claims Administrator, Mr. Rempfer's partners Joey Mott and Scott Lundy have been trying to pick up the rest of Mr. Rempfer's cases.  This has adversely affected the settlement process.

3.      Because of the number of anticipated monthly payments to the Class Members, depending upon how many of the Members of the Fair Labor Standards Act (FLSA) Subclasses "opt in" by filing Claim/Consent Forms, the estimated costs of administration at least doubled due to the costs of postage to mail the checks on a monthly basis.

***Requested Amendments to Administration of the Settlement***

In order to move this settlement process along, the Parties request the changes in Settlement administration set forth below:

A.      The parties request the Court amend the preliminary approval Order (ECF No. 80) to change the manner in which the Net Settlement Amount is distributed.  The Net Settlement amount is that portion of the Maximum Settlement Amount to be paid to Subclass members.  Specifically, rather than making numerous monthly payments as Defendant Wiens pays each of the ten (10) monthly installments of the $295,000.00 Maximum Settlement

[1] ECF No. 80 at p. 26, ¶ 7.

KAMER ZUCKER ABBOTT   *Attorneys at Law*

3000 West Charleston Boulevard, Suite 3 · Las Vegas, NV 89102 · (702) 259-8640

Payment, all payments to counsel and class members will be mailed 14 days after Defendant lodges the last installment; *with the exception* that, as soon as monies contributed through Wiens' installment payments reach a sufficient amount, the Claims Administrator is authorized to pay (i) the $2,000.00 total of Enhancement Payments to the two (2) named Plaintiffs, assuming their appointments as Class Representatives are approved in the final approval order; and (ii) reimburse Class Counsel's costs of $17,100.00 assuming those costs are finally approved.  The costs figure represents out-of-pocket costs incurred by Plaintiffs' counsel. This change will reduce the costs, which are paid from the settlement, by at least $5,000.00 through reduction of postage costs.  There are 467 Class Members, all of whom were slated to receive multiple checks over the 10-month period, again depending upon the number of FLSA Subclass members who opt in to the Settlement.

B.  Amendment to the costs to be paid to the Claims Administrator bringing the costs to a total $12,500.00, a revised figure for the costs of administration, given the cost of mailing the final checks.  The Claims Administrator's cost is included in Class Counsel's costs in the amount of $17,100.00 discussed *supra*.

C.  Given the increase in claims administration costs, the parties request an adjustment to $202,150.00 in the Class Fund for Distribution. This is adjusted due to the change in the Claims Administrator's costs, both of which are deducted from the total settlement proceeds.

D.  Given these unanticipated delays referenced in paragraphs 1 and 2, the parties request amendment to the first deadline in settlement administration mailing of the Notice of Class Settlement to 14 days following the Court's issuance of an order on this Stipulation, specifically the deadline to mail the Notice of Class Action Settlement to Class Members with the accompanying documents. This adjustment of the mailing deadline also requires an

concomitant adjustment of the 60-day deadline for (i) members of the Rule 23 Uniform Class to exclude themselves from the settlement, (ii) members of any Subclass to object to the portion(s) of the Settlement that affects them, (iii) members of the two FLSA Subclasses to submit Claim/Consent Forms in order to consent to join the FLSA claims, claim a share of that portion of the FLSA settlement funds for the Mechanics and Technicians Subclasses, and submit information to challenge the preliminary calculation included with the Notice, and (iv) the Rule 23 Uniform Subclass Members to submit an exclusion from that portion of the Settlement, address change forms, and information to challenge the preliminary calculation included with the Notice.

       E.      Approve the amended Notice of Settlement that incorporates the above changes. This document is attached as **Exhibit A**.

       F.      Reschedule the final approval hearing for as soon as possible following 110 days after entry of the Order on this Stipulation.

       G.      Require submission of the Unopposed Motions for Final Approval of the Settlement and Final Approval of Attorney's Fees and Costs 90 days after entry of the Order on this Stipulation.

    4.  ***Requested Order.***  Accordingly, the Parties respectfully request the Court make the following changes to settlement administration:

       A.      That all payments to Class Counsel and Class Members be made within 21 days following Defendant Wiens' final installment payment of the Maximum Settlement amount, with the following exceptions: that, as soon as monies contributed through Wiens' installment payments reach a sufficient amount, the Claims Administrator is authorized to pay (i) the $2,000.00 total of Enhancement Payments to the two (2) named Plaintiffs, assuming their appointments as Class Representatives are approved in the final approval order; and (ii)

reimburse Class Counsel's costs of $17,100.00 assuming those costs are finally approved.  The latter change is made in light of the fact the costs figure represents out-of-pocket costs incurred by Plaintiffs' counsel

      B.      Approval of $12,500.00, a revised figure for the costs of administration, given the cost of mailing notices, reminder notices, deficiency notices, and checks.

      C.      Approval of a revised figure of $202,150.00 for the Net Settlement Amount.

      D.      Approval of the amended Notice of Settlement attached as **Exhibit A.**

      E.      Notices of Settlement must be mailed via First Class Mail no later than 14 days following the date of the Order on this Stipulation.

      F.      The final approval hearing will be rescheduled for a date that is as soon as possible following 110 days after entry of the Order on this Stipulation.

      G.      Require submission of Unopposed Motions for Final Approval of the Settlement and Final Approval of Attorney's Fees and Costs 90 days after entry of the Order on this Stipulation.

DATED: July 12, 2018           **REMPFER MOTT LUNDY**

                     By:  /s/ Joseph N. Mott
                          Joseph N. Mott
                          Attorneys for Plaintiffs and Class Counsel

          **KAMER ZUCKER ABBOTT**

                     By:  /s/ Nicole A. Young
                          Carol Davis Zucker
                          Nicole A. Young
                          Attorneys for Defendant

## <u>ORDER</u>

For the reasons stated above and good cause appearing, it is hereby ordered as set forth in paragraphs 4(A) through 4(G).

DATED" ___7/19/2018_____ _____

**The Hon. George W. Foley**
**United States Magistrate Judge**

# EXHIBIT A

# Red-Lined Amended Notice of Settlement

# EXHIBIT A

dr

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DANIEL ACUNA; and JERRY SHAFFER, as Individuals, and on behalf of others similarly situated, | ) ) ) | Case No. 2:16-cv-00457-GWF |
| Plaintiffs, | ) ) | **NOTICE OF SETTLEMENT** |
| vs. | ) ) | |
| SOUTHERN NEVADA T.B.A CO., a Nevada Corporation, doing business as "TED WIENS TIRE & AUTO CENTERS", | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

TO:　　A.  All present and former employees of Ted Wiens Tire & Auto Centers between March 2, 2013 and January 31, 2017 who worked as a Mechanic (Auto Technician), Tire Technician, or General Services Technician.

　　　　B.  All present and former employees of Ted Wiens Tire & Auto Centers between March 2, 2013 and January 31, 2017 who during that period paid, through payroll deduction, fees for laundering of uniforms.

### THIS NOTICE AFFECTS YOUR RIGHTS.  PLEASE READ IT CAREFULLY

**1.**　　**WHY AM I RECEIVING THIS NOTICE?** You are receiving this notice because records of Ted Wiens Tire & Auto Centers ("Wiens") show you work – or worked – for Wiens in one of the Mechanic or Technician jobs, as defined above, and/or paid fees for laundering of uniforms during the Class Period from March 2, 2013 through January 31, 2017. This makes you a Class Member whose rights may be affected by this Settlement.  This lawsuit was filed to recover wages, and other compensation, you may have been owed from Wiens. This Notice provides you with the chance to recover those wages, or compensation, you may be owed.

**2.**　　**YOU ARE HEREBY NOTIFIED** a proposed settlement ("Settlement") of this collective and class action Lawsuit ("Lawsuit") is pending in the United States District Court, District of Nevada (the "Court"). The Parties negotiated a settlement, which requires approval from the Court. The Court has granted preliminary approval of the Settlement.

**3.**　　This Notice describes the nature of the Lawsuit and the terms of the proposed Settlement. It also informs you of your rights and options in connection with the proposed Settlement.  The proposed Settlement will resolve all claims in this Lawsuit. A Final Approval Hearing will be held on _____, 2018 to determine whether the Settlement̶Lawsuit should be granted final approval.

**4.**　　Because your rights may be affected, it is extremely important you read this Notice carefully.  You may be bound by the Settlement if it is finally approved by the Court, subject to exceptions, and by any order entered by the Court subject to the conditions in the Settlement Stipulation.

## SUMMARY OF THE LAWSUIT

5.     On March 2, 2016, Plaintiffs Daniel Acuna and Jerry Shaffer, on behalf of themselves and others similarly situated, filed the above-referenced lawsuit against Southern Nevada T.B.A Co., a Nevada Corporation, doing business as Ted Wiens Tire & Auto Centers ("Wiens"), alleging that Wiens failed to pay wages for all hours worked in violation of the Fair Labor Standards Act (referenced below as "FLSA"), 29 U.S.C. § 201 et seq.; failed to pay overtime or correct overtime in violation of the FLSA, 29 U.S.C. § 207, and NRS 608.018; failed to pay liquidated damages, 29 U.S.C. § 216(b); failed to pay for all hours worked in violation of NRS 608.140 and 608.016; failed to pay minimum wages in violation of the Nevada Constitution, Article 15, Section 16; and NRS 608.250; deducted fees for laundering their work uniforms in violation of NRS 608.165; failed to timely pay all wages due in violation of NRS 608.140 and 608.020-050; conversion; and unjust enrichment (referenced throughout this Notice as the "Lawsuit").

6.     After extensive exchange of relevant information, a mediation session, and negotiations, the Parties reached the Settlement in good faith that is memorialized in the Settlement Stipulation and Agreement on file with the Court.  The terms of the Settlement are generally summarized in this Notice.

## POSITIONS OF THE PARTIES

7.     Wiens has denied and continues to deny each of the claims in the Lawsuit. Wiens contends that all of its employees have been compensated in compliance with the law and that its conduct was not willful with respect to any alleged failure to pay any wages (including but not limited to overtime and/or minimum wages) or with respect to all of its compensation practices; and that it was not unlawful to have employees pay for laundering of uniforms. Wiens has repeatedly asserted and continues to assert defenses to the claims in the Lawsuit, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Lawsuit. Wiens' entry into this Settlement and the consummation of this Settlement is not an admission of any liability or wrongdoing by Defendant or any Released Party or person. Defendant specifically denies any liability, wrongdoing, or culpability of any kind whatsoever for the claims alleged and released in the Action, and further denies that, for any purpose other than settling, the Lawsuit is appropriate for class and representative treatment. Wiens has settled this case for purposes of saving the time and expense of further litigation of this Lawsuit, and so Defendant and Released Parties can buy their peace.

8.     Counsel for the Plaintiffs ("Plaintiffs' Counsel" or "Class Counsel") has extensively investigated and researched the facts and circumstances underlying the issues raised in the Lawsuit, and the law.

9.     Plaintiffs and Plaintiffs' Counsel recognize the expense and length of continued proceedings necessary to continue the Lawsuit against Wiens through trial and through any possible appeals.  Plaintiffs' Counsel has also taken into account the uncertainty and the risk of the outcome of further litigation, including the risk that the class might not be certified in light of Wiens opposition to certification as well as the difficulties and delays generally inherent in such litigation.

10.     Plaintiffs and Plaintiffs' Counsel are also aware of the burdens of proof necessary to establish liability for the claims, of Wiens defenses thereto, and of the difficulties in

establishing damages for the Class Members. Plaintiffs' Counsel has also taken into account the extensive settlement negotiations conducted by the Parties. Plaintiffs' Counsel believes the proposed Settlement is fair, adequate, reasonable, and in the best interests of the Class Members.

11.    Wiens has also extensively investigated and researched the facts and circumstances underlying the issues raised in the Lawsuit, and the law applicable thereto. Although Wiens believes the company has meritorious defenses to the Lawsuit, Wiens has concluded that the continued litigation of Plaintiffs' claims and defense of this Lawsuit would be lengthy and expensive for all Parties.  Wiens has, therefore, agreed to settle this Lawsuit in the manner and upon the terms set forth in the proposed Settlement to put to rest all claims that are or could have been asserted against it in the Lawsuit.

12.    The Court has made no ruling on the merits of Class Members' claims and has determined only that certification of the classes for Settlement purposes is appropriate under state law.

<u>PRELIMINARY APPROVAL OF THE SETTLEMENT</u>

13.    <u>Class Counsel</u>. On March 19, 2018, the Court appointed the following attorneys as Plaintiffs' Counsel to represent the Class in this Lawsuit:

Rempfer Mott Lundy
10091 Park Run Drive, #200
Las Vegas, Nevada 89145
TEL: (702) 384-9900

Andrew L. Rempfer, Esq.
Joseph N. Mott, Esq.
Scott E. Lundy, Esq.

14.    <u>Class Definitions</u>. On March 19, 2018, for purposes of the Settlement, The Hon. George Foley, United States Magistrate Judge of the United States District Court, District of Nevada, certified three (3) Subclasses of individuals. Collectively, the Subclasses referenced hereafter as the "Class:"

a.    <u>Mechanics Subclass</u>. Those persons who worked for Defendant <u>Wiens</u> as Mechanics, otherwise known as Auto Technicians, during the Class Period and who timely submit file a valid Claim/Consent Form consenting to be a party in the Lawsuit's FLSA claims and releasing claims subject to Court approval.

b.    <u>Technician Subclass</u>. This means those persons who worked for Defendant as an either a Tire Technician or a General Services Technician during the Class Period and who timely file a valid Claim/Consent Form consenting to be a party in the Lawsuit's FLSA claims and to release claims subject to Court approval.

c.    <u>Uniform Subclass</u>. This means those persons employed by Wiens during the Class Period and who paid, through payroll deductions, fees to cover the costs of laundering their uniforms and who timely file a Uniform Claim Form.

15.    <u>The Class Period</u> is March 2, 2013 through January 31, 2017.

16.   <u>Claims Administrator</u>. The Court has appointed Swarts & Swarts as Claims Administrator to notify the Class and coordinate the claims process.

17.   If you are a member of the Uniform Subclass, you will be bound by the proposed Settlement of claims related to the payroll deduction for uniform laundering described below if it is approved, unless you make a written Request for Exclusion in the manner described below.

18.   If you are a member of the Mechanics or Technicians Subclasses, you will be bound by the proposed Settlement of the wage and hour claims, and receive money on these portions of the Settlement, only if you timely send to the Claims Administrator a fully-completed, valid Claim/Consent Form in the manner described below.

<u>SUMMARY OF SETTLEMENT TERMS</u>

The following is a summary of the provisions of the proposed Settlement between the Plaintiffs, the Class, and Wiens.  The specific and complete terms of the proposed Settlement are described in the Stipulation and Agreement for Settlement and Release of Fair Labor Standards Act Collective Action and Settlement and Release of Claims in Accompanying Class Action and amendments thereto (referenced as "Settlement Stipulation"), ~~a copy~~es y of which <u>are</u>~~is~~ available for your review as set forth at the end of this Notice.

19.   <u>Conditions of the Settlement</u>.  This Settlement is conditioned upon the Court entering an order at or following the Final Approval Hearing approving the Settlement, as agreed by the Plaintiffs and Wiens, as fair, reasonable, adequate, and in the best interests of the Settlement Class, entering Judgment in accordance with the Settlement Stipulation, and the dismissal of any appeal, writ or other appellate proceeding <u>challenging the Court's Judgment</u> with no right to pursue further remedies or relief beyond this Settlement.

20.   <u>Final Approval Hearing</u>.  A Final Approval Hearing will be held in United States District Court, District of Nevada, located at 333 Las Boulevard South, Las Vegas, Nevada 89101, on _____, 2018 at ___ a.m./p.m. **in** Courtroom No. 3A.<u>.</u> At this hearing, the Court will determine whether the proposed Settlement is fair, adequate and reasonable and whether it should be approved by the Court and whether the Lawsuit should be dismissed on the merits with prejudice.  The hearing may be adjourned, continued<u>,</u> and/or rescheduled by the Court from time to time as the Court may direct without further notice.

***You do not need to attend that hearing to participate in the proposed Settlement.***

21.   <u>Settlement Amount</u>. The Settlement Stipulation provides that Wiens will pay a total of **$295,000.00** (the "Maximum Settlement Amount") to fully resolve the issues<u>, payable in</u> ~~Awards of monies will be paid in up to~~ ten (10) equal monthly installments<u> of $29,500.00.</u> <u>This Maximum Settlement Amount includes all sums payable as a result of the Settlement,</u> <u>including Settlement Awards to eligible Class Members, Enhancement Awards to named</u> <u>Plaintiffs Acuna and Shaffer for their roles as Class Representatives, employer payroll costs</u> <u>for that portion of the Settlement Awards that are "wages," attorney's fees and costs, and</u> <u>costs of Claims Administration.</u> <u>.</u> ~~, each of which will not exceed, in the aggregate, $29,500.00.~~ After the Court <u>gives final</u> approv<u>al of</u> ~~es~~ the Settlement<u> and Wiens has paid all of the</u> <u>Maximum Settlement Amount,</u> and after deduction of the court-approved deductions from the Fund, as referenced immediately below, Settlement Awards will be distributed to:

a.      Each member of the Mechanics Subclass and the Technicians Subclass, respectivelyfully, who: timely completes, signs, and timely mails a valid Claim/Consent Form in which he/she consents to inclusion in the claims asserted under the FLSA and releases all claims related to wages as set forth below.

b.      MEach members of the Uniform Subclass who does not timely exclude themselves ("opt-out"). Those members of the Uniform Subclass who are employed by Wiens as of tMarch 19, 2018he date of Final Approval of the Settlement March 29, 2018 do not have to file a Uniform Laundering Fee Settlement Claim Form unless you believe that corrections to your address or numbers of hours worked are needed. All other members of the Uniform Subclass must complete, sign, and timely mailfile a Uniform Laundering Fee Settlement Claim Form ("Uniform Form") to provide his/her current address and, if needed, to correct the number of hours worked.

22.    Deductions from the Maximum Settlement Amount. The following deductions will be made prior to the distribution of Settlement Awards to Class Members, leaving a Net Settlement Amount of $202,150.00:

a.      Fees and Expense Award. As part of the Settlement approval process, Class Counsel will seek approval of an award of attorneys' fees of $73,750.00 for all current and future attorneys' fees, and $17,100.0014,600.00 as costs incurred in the Lawsuit, as the "Fees and Expense Award." Class Counsel shall not be permitted to petition the Court for any additional payments for fees, costs, or interest and the Fees and Expense Award shall be utilized for all claims for attorneys' fees and costs, past, present, and future incurred in the Lawsuit.  As part of the Settlement, you will not be required to pay Plaintiffs' Counsel separately for their representation of the Class in the Lawsuit.

b.      Enhancement Awards. Class Counsel will also seek approval for the payment of Enhancement Awards to the two (2) Class Representatives (named Plaintiffs) in this Lawsuit, for a total of $2,000.00. This is comprised of (i) a payment of $1,000.00 to Plaintiff Daniel Acuna and (ii) a payment of $1,000.00 to Plaintiff Jerry Shaffer for their participation on behalf of the Class in this action.

c.      Expenses of Claims Administrator.  Class Counsel will also seek approval for the payment of the expenses of the Clan-ims Administrator of no more than $12,500.00, which sum is included in the costs to be recovered by Class Counsel as noted in paragraph 22(a) above10,000.00.

23.    Payments to Class Members: The remainder of the Maximum Settlement Amount will be divided into three Sub-Funds, one for each Subclass. Once the deadline passes for submission of Claim/Consent Forms and Uniform Laundering Fee Settlement Claim Forms, s and the Court finally approves the Settlement, and it has become final, the Claims Administrator will perform a final calculation of the total Award for each Class Member. who has submitted a valid Form. The following is the Court-approved plan of allocation:

a.      Using a summary of data in Wiens' payroll or personnel records, the Claims Administrator will do the following:

(1) For the Mechanics Subclass and the Technicians Subclass, calculate the total number of full and partial months worked by each member of these two Subclasses during the period March 2, 2013 through January 31, 2017. "Partial

month" is the percentage of a full calendar month the Subclass Member was employed.

(2) <u>For the Uniform Subclass</u>, calculate the full and partial months worked by each Subclass Member during which deductions were made from paychecks for fees for laundering of uniforms during the period March 2, 2013 through January 31, 2017. "Partial month" is the percentage of a full calendar month the Subclass Member was employed and had deductions for laundering of uniforms.

b.   <u>Calculation of Settlement Awards.</u> The Claims Administrator will calculate the eligible Settlement Award for each Subclass Member as the percentage of full and partial months <u>(as defined immediately above)</u> that Member worked during the Class Period of the total amount of full and partial months worked by all Subclass Members. This calculation takes (i) the number of full and partial months each individual Subclass Member was employed during the Class Period, then (ii) dividing that number by the total number of full and partial months all Subclass Members were employed during the Class Period, to (iii) obtain the percentage of full and partial months that Subclass Member was employed; then (iv) that percentage will be applied to the Sub-Fund Amount to determine that Subclass Member's Award. The formula is: [Subclass Member's total eligible full and partial months] ÷ [total of the Subclass's eligible full and partial months] = [percentage of Subclass's eligible full and partial months] X [amount of the <u>S</u>~~s~~ub-<u>F</u>~~f~~und] = [Subclass Member's eligible monetary award].  ~~To~~ <u>To calculate the Awards to the Members of</u> ~~of~~ <u>the Mechanics and Technicians Subclasses, before application of the formula, the amount of the estimated employer payroll taxes will be deducted.</u>

c.   A preliminary calculation of your eligible total Award amount, together with the number of full or partial months you were employed during the Class Period, is included on the (a) Claim/Consent Form for those in the Mechanics Subclass and the Technicians Subclass; and (b) Uniform ~~Claim~~ Form for those in the Uniform Subclass.  The appropriate form(s) is enclosed with this Notice.

d.   If you disagree with the number of full and partial months worked ~~while employed~~ during the Class Period as shown on the Form(s) referenced in paragraph 23(c), above, you can dispute the amount by providing credible written evidence to the contrary. Wiens' records are presumed to be correct. A Class Member may challenge the information as to the number of full or partial months he or she worked during the Class Period by submitting credible written evidence to the Claims Administrator no later than the deadline to submit the Claim/Consent Form (for Mechanics and Technicians Subclasses) and the Uniform ~~Laundering Fee Settlement Claim~~ Form (for Uniform Subclass). That written evidence may be submitted with the Form.  The Claims Administrator and the Parties will review the evidence and make a decision whether to change the number of months to be used in re-calculating the award.  In the event the Parties agree, that determination will be final, binding, and non-appealable. If the Parties are unable to agree, the Claims Administrator will make a decision, subject to review and final decision by the Court at the time of the final approval hearing.

24.   <u>Tax Matters</u>.  Under the terms of the Settlement,

a.   The Settlement Awards to each Member of the Mechanics Subclass and the Technicians Subclass<u>, respectively,</u> will be allocated when paid as follows: one-third (1/3) will be allocated to alleged unpaid wages for which IRS Forms W-2 will issue and from which taxes and other withholdings will be deducted; one-third (1/3) will be allocated to alleged unpaid

penalties, from which there will be no deductions and for which IRS Forms 1099-MISC will issue; and one-third (1/3) will be allocated to alleged unpaid interest, from which there will be no deductions, for which IRS Forms 1099-MISC will issue. Wiens' payroll tax payments in connection with the unpaid wages portion will be paid out of the sub-fund.

      b.     There will be no deductions from Settlement Awards to Members of the Uniform Subclass.

      c.     Authorized Claimants should consult with their tax advisors concerning any tax consequences of the payments that they receive under the Settlement.  Neither the Parties, the Claims Administrator, nor the attorneys for the Parties are providing tax advice.

<u>RELEASE OF PARTIES AND CLAIMS</u>

25.     The Settlement Awards and the Enhancement Awards will be paid to Class Members specifically in exchange for the <u>applicable</u> release of the Released Parties from the Released Claims and for the covenant not to sue concerning the Released Claims.

26.     If the Settlement is approved and ̶i̶f̶ the Order of Final Approval dismissing the Lawsuit is entered and the Judgment becomes final, those Uniform Subclass Members who have not validly requested exclusion from that part of the Settlement will be bound by the terms of the proposed Settlement, including releases of parties and the claims set forth at paragraphs 27 and 28(b) below.

27.     Released Parties. "Released Parties" collectively means (i) Southern Nevada T.B.A Co., a Nevada Corporation, doing business as Wiens Tire & Auto Centers; (ii) its other and respective past, present and future parents, subsidiaries, joint ventures, and affiliates; (iii) the past, present and future shareholders, directors, officers, members, managers, agents, employees, attorneys, insurers, predecessors, successors, and assigns of any of the foregoing; and (iv) any individual or entity which could be jointly liable with any of the foregoing.

28.     Releases of Claims.

      a.     "Released Claims-Wages and Hours" means the claims to be released by members of the Mechanics Subclass and the Technicians Subclass who file a Claim/Consent Form, which claims specifically include all claims and causes of action, asserted via claim with any federal or state administrative agency or through a legal action or lawsuit, relating to, or in connection with, any facts, transactions, events, policies, occurrences, acts, records, disclosures, statements, omissions, or failures to act which are or could be the basis of claims alleged in the Amended Complaint on file in this Action, which alleges that the Released Parties failed to pay all wages due for time worked; failed to pay overtime wages due under any state and/or federal statute, including but not limited to the federal FLSA; failed to pay minimum wages due under any federal or state statute or Nevada Constitution Article 15, Section 16; failed keep records concerning time worked in a lawful fashion; failed to pay liquidated damages, or any other damages or equitable recovery under federal or state statute or Nevada Constitution Article 15, Section 16; failed to pay "waiting time" and other penalties under NRS 608.040; interest, attorneys' fees and costs under any federal or state statute or Nevada Constitution Article 15, Section 16; as well as all other claims and allegations made in the Action and that arise out of the facts alleged in the Action from the beginning of time through January 31, 2017; provided that, only those Members of the Mechanics and

Technicians Subclasses who timely submit valid Claim/Consent Forms will be deemed to have waived and released the above-described claims.

b. "Released Claims-Uniforms" means the claims to be released by the Uniform Subclass, including all claims and causes of action, asserted via claim with any federal or state administrative agency or through a legal action or lawsuit, relating to, or in connection with, any monies deducted from their paychecks or otherwise paid to Defendant for laundering or for otherwise cleaning of their uniforms worn for work at Defendant's place of business, under federal or state law, including but not limited to, claims under NRS 608.165, Chapter 608 of Nevada Revised Statutes, conversion, and unjust enrichment, as well as all other claims that could have been made that arise out of those facts, from the beginning of time through the date of court approval.

c. There may exist facts and/or damages pertaining to any or all of the Released Claims in paragraphs 28(a) and 28(b), above, of which Plaintiffs and Class Members have no knowledge, reason to know, or suspicion at the time the parties, Class Counsel, and Defendant's Counsel sign this Agreement, and that a Class Member may later discover facts different from or in addition to those he or she now knows or believes to be true. The Releases at paragraphs 28(a) and 28(b), respectively, shall apply to all such unknown and unanticipated damages and claims, as well as to those now known or disclosed, based on the facts alleged in the Amended Complaint, and, further, that this Agreement shall remain in full force and effect in all respects notwithstanding any such different or additional facts.

## PROCEDURE FOR MONETARY RECOVERY

29. Deadline to Submit Claim Form.  If you want to submit a Claim Form in order to participate in those parts of the Settlement for which you are a member of the Subclass and receive money under the Settlement, you must fully  and timely complete, sign, and timely submit the appropriate Claim Form(s) for the specific Subclass no later than [60 days after mailing Notice], 2018, as set forth in detail below at paragraph 32+. If you have received more than one type of Claim Form and you agree that you are in theat Subclass (as defined above), you should timely submit all forms that you believe to be applicable.  If you are a member of the Uniform Subclass, you are not required to submit a Uniform Form to participate in and receive money under the settlement; but failure to do so may result in your check being mailed to the incorrect address or your inability to submit corrective information on your hours.

30. Reminder Notice. If the Claims Administrator has not received a fully completed Claim Form by [30 days after mailing Notice], 2018, the Claims Administrator will send one reminder postcard.  There will be no additional reminders.

31. Recovery Amount.  The Claim Form(s) attached lists a preliminary calculation of the amounts to be paid to you if all Members ofin your Subclass participate in the Settlement.

32. Completing a Claim Form. If you have received a claim form, it is because Wiens' records show you to have worked under circumstances described in one of the Subclass descriptions.  more than one type of claim form, you should submit all that apply to you Fand follow these directions carefully:

a. <u>Mechanics and Technicians Subclasses</u>:

(i)     A Claim/Consent Form is attached. You must fully complete and sign the Claim/Consent Form and <u>timely</u> mail it to the Claims Administrator at the above address. If you wish to present written evidence to the Claims Administrator supporting any contention you worked a different number of full or partial months than shown on the Claim/Consent Form, you may provide copies of the documents with the Claim/Consent Form or mail it later. The completed, signed hard copy of the Claim/Consent Form and any written evidence must be postmarked on or before [deadline 60 days after mailing Notice]. Class Members are responsible to maintain a photocopy of the fully completed Claim/Consent Form, any additional written evidence, and proof of mailing.

(ii)     ANY MEMBER OF THE MECHANICS SUBCLASS OR TECHNICIANS SUBCLASS WHO DOES NOT SUBMIT A TIMELY AND VALID CLAIM/CONSENT FORM <u>FOR THE PARTICULAR SUBCLASS</u> WILL NOT RECEIVE A SHARE OF THE SETTLEMENT FUND. IF YOU DO NOTHING – THAT IS, IF YOU DO NOT MAIL OR DELIVER A TIMELY CLAIM/CONSENT FORM, YOU WILL NOT BE ENTITLED TO A SHARE OF THE SETTLEMENT FUNDS FOR THESE SUBCLASSES.

b. <u>Uniform Subclass</u>.

(i)     <u>If you are in the</u>A Uniform <u>Subclass, a Uniform </u>Laundering Fee Settlement Claim Form is attached. You must complete<u>, </u>~~and~~ sign<u>, and timely mail</u> this Uniform ~~Claim~~ Form ~~and mail it~~ to the Claims Administrator at the above address unless you were an employee of Wiens on March 19, 2018. If you wish to present written evidence to the Claims Administrator supporting any contention you worked a different number of full or partial months<u> during which you had deductions from your paychecks for uniform laundering </u>~~than~~ <u>that</u> shown on the Uniform ~~Claim~~ Form, you may provide copies of the documents with the Uniform ~~Claim~~ Form or mail it later. The completed, signed hard copy of the Uniform<u> </u>~~Laundering Fee Settlement Claim~~ Form and any written evidence must be postmarked on or before [deadline 60 days after mailing]. Class Members are responsible to maintain a photocopy of the fully completed Uniform Claim Form, any additional written evidence, and proof of mailing.

(ii)     YOU WILL BE BOUND BY THE TERMS OF THE <u>UNIFORM LAUNDERING FEE</u> SETTLEMENT, INCLUDING THE RELEASE REFERENCED AT PARAGRAPH 28(b) ABOVE THAT WILL PREVENT YOU FROM FILING A SEPARATE LAWSUIT, UNLESS YOU EXCLUDE YOURSELF IN WRITING FROM THE SETTLEMENT AS PROVIDED IN PARAGRAPH 34 BELOW.

c. <u>If you have received more than one type of Claim Form,</u> ~~Please note~~ you must submit a Form for each of the Subclasses for which you contend you are a member.

33.     A Claim/Consent Form or Uniform ~~Laundering Fee Settlement Claim~~ Form is valid only if it is fully completed, signed, and <u>mailed to</u>~~received by~~ the Claims Administrator by the deadline specified in paragraphs 32(a) or 32(b), respectively.

<u>PROCEDURE FOR EXCLUSION FROM THE UNIFORM LAUNDERING FEE SETTLEMENT</u>

34.     <u>Request for Exclusion</u>. Any Uniform Subclass Member who does NOT wish to participate in that portion of the Settlement may exclude him/herself (i.e.,"opt-out") by fully completing, signing, and dating the enclosed form "Request for Exclusion From Uniform Class Settlement," stating your intention to exclude yourself from the Settlement. <u>A copy of the</u>

Request for Exclusion form is enclosed if you are a member of this Subclass. The completed form must be~~and~~ mailed by registered or certified mail to:

Swarts & Swarts, C.P.A.
10091 Park Run Dr., #200
Las Vegas, NV 89145-8868
Attn: Ted Wiens Claims Administrator

35.   <u>Deadline for Request for Exclusion</u>. The Request for Exclusion must be <u>mailed/</u>postmarked no later than [60 days following mailing]. If you submit a Request for Exclusion postmarked after [60 days following mailing], it will be rejected and you will be bound by the Release and all other Settlement Terms.

36.   Persons who submit a Request for Exclusion may be contacted by either Class Counsel or Defense Counsel.

37.   <u>Consequences of Submitting Request for Exclusion</u>. Any person who files a complete and timely Request for Exclusion shall, upon receipt by the Claims Administrator, no longer be a member of the Uniform Subclass for Settlement, shall be barred from participating in any portion of the Settlement, and shall receive no benefits from the Settlement. Any such person, at their own expense, may pursue individually any claims relative to deduction of fees for laundering of uniforms he/she may have against Wiens. If you wish to exclude yourself and wish to pursue individual action, you should know there are time limits on your right to file any such individual action.

<u>PROCEDURE FOR OBJECTIONS TO THE PROPOSED SETTLEMENT</u>

38.   <u>Objections to the Settlement</u>.   Any Class Member who wishes to object to the Settlement must file with the Court and serve on counsel for the parties and the Claims Administrator a written statement objecting to the Settlement.   Such written statement must be filed with the Court <u>using the caption on page 1 of this Notice</u> and served on counsel for the parties no later than sixty (60) days after the date this Notice is first mailed.~~.~~ No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, shall have been timely filed with the Court and served on counsel for all Parties and the Claims Administrator.   Any written objections and briefs must be served on counsel for the Parties and the Claims Administrator at the following addresses:

<u>To Plaintiffs and the Settlement Class</u>:
Rempfer Mott Lundy
~~Andrew L. Rempfer~~
Joseph N. Mott
Scott E. Lundy
10091 Park Run Drive, #200
Las Vegas, Nevada 89145
(702) 384-9900
Email: <u>tedwienslawsuit@gmail.com</u>

To Defendant Wiens:
Kamer Zucker Abbott
Carol Davis Zucker
~~Jen J. Sarafina~~
Nicole A. Young
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102
Email: czucker@kzalaw.com
Email: nyoung@kzalaw.com

39.   Objections Must Submitted Timely and In Writing. Any Class Member who does not file with the Court and serve on counsel his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

40.   Any Class Member who is satisfied with the proposed Settlement need not file an objection and does not need to appear at the Final Approval Hearing.

## CHANGE OF ADDRESS

41.   If you move after receiving this Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Lawsuit and the Settlement ~~to~~ be sent to a different address, you should supply your current preferred address to the Claims Administrator. ~~EXAMINATION OF THE PAPERS AND ADDITIONAL INQUIRIES~~

42.   The preceding is only a summary of the Lawsuit and the proposed Settlement and does not purport to be comprehensive.  For a more detailed statement of the matters involved in the Lawsuit and the proposed Settlement, you may refer to the pleadings, the Settlement Stipulation, Joint Motions to Approve Settlement and other papers filed in the Lawsuit, which may be inspected at the Office of the Clerk of the United States District Court, District of Nevada, located at 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, during regular business hours of each Court day.

43.   All inquiries by Class Members regarding this Notice or the Settlement that involve requests for information on whether a claim has been received or accepted, requests for additional copies of claim documents, information on when Claim Forms will be paid, or the amount of your individual claim should be directed to the Claims Administrator to:

Swarts & Swarts, C.P.A.
10091 Park Run Dr., #200
Las Vegas, NV 89145-8868
Attn: Ted Wiens Claims Administrator

Inquiries involving legal questions about this Notice or legal questions about the Settlement or your legal rights should be directed to Plaintiffs' Counsel referenced at paragraph 39 above. Email communications are preferred.

44.     You may also retain your own attorney at your own expense.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, WIENS, OR WIENS' COUNSEL WITH INQUIRIES.**

Dated: _____, 2018.

_____/s/George W. Foley_
UNITED STATES DISTRICT JUDGE