KAMER ZUCKER ABBOTT
Carol Davis Zucker    #2543
Nicole A. Young       #13423
3000 W. Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel. (702) 259-8640
Fax (702) 259-8646
czucker@kzalaw.com
nyoung@kzalaw.com

Attorneys for Defendant
Southern Nevada T.B.A. Co.
d/b/a Ted Wiens Auto & Tire Centers

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL ACUNA; and JERRY SCHAFFER, as individuals, and on behalf of others similarly situated,<br><br>                  Plaintiffs,<br><br>vs.<br><br>SOUTHERN NEVADA T.B.A CO., a Nevada Corporation, doing business as "TED WIENS TIRE & AUTO CENTERS",<br><br>                  Defendants. | Case No. 2:16-cv-00457-GWF<br><br>**STIPULATION AND REQUEST FOR ORDER TO ADD CLASS MEMBER IN ORDER TO PROVIDE THE NOTICE OF SETTLEMENT AND TO ALLOW TO SUBMIT A CLAIM/CONSENT FORM** |

The Parties need to add a class member and provide him notice of the settlement and allow him to submit a Claim/Consent Form.

***Recent History and Present Status***.

1.  On March 19, 2018 (ECF No. 80), the Court gave its preliminary approval to the settlement of this collective action under the Fair Labor Standards Act ("FLSA") and class action asserting a state law claim.

2.  One step in administration process has been to forward a Notice of Settlement to each class member in each of the three (3) subclasses. Here, on August 7, 2018, the Claims

Administrator mailed the Notices to each person listed on one of three lists prepared, using Defendant's records, listing (a) persons believed to have worked during the Class Period as a Mechanic ("Mechanics subclass") or as a Tire Technician or General Services Technician (both included in the "Technicians subclass;" and/or (b) employees who had payroll deductions to pay charges for Uniform laundering during the Claims Period ("Uniform subclass"). The deadline is October 6, 2018 (60 days following mailing) for members of the Mechanics and Technicians subclasses to submit Claim/Consent forms to "opt in" to the case and claim their shares of the settlement, and for members of the Uniform subclass to submit change of address forms.

3.  One such class member is Jonathan Calderon. He is listed as a member of the Fed.R.Civ.P. 23 Uniform Subclass. Because it encompasses all employees who had payroll deductions for laundering uniforms, this subclass is larger than combining the members of the two FLSA subclasses (Mechanics and Technicians, respectively). Because of his membership in the Uniform subclass, Mr. Calderon has received the Notice.

4.  Mr. Calderon should have been listed as a member of the Technicians subclass but was not because Defendant Wiens' records did not list him as a Tire Technician or as working in any of the jobs in either FLSA subclass. Mr. Calderon was listed in Wiens' records as a Service Driver (not in any subclass) but at some point began performing Tire Technician responsibilities and was partially paid in commissions as were others in the subclass. Due to an oversight during the 2013-2014 period, the company made no change in his job title in its records. Mr. Calderon left his job at Wiens before Wiens' present accounting person, who prepared all three lists, became employed. Consequently, because of the error, Mr. Calderon was not on the list for those Wiens believed to be members of the Technicians subclass.

5. On Monday, October 1, 2018, Mr. Calderon telephoned Defendant's counsel and advised that he believes he should be included as a Tire Technician. This would place him in the Technicians subclass. Immediately thereafter, defense counsel and Wiens began performing research in its records. This research confirmed Mr. Calderon's work as listed in paragraph 4, *supra*.

*Requested Amendments to Administration of the Settlement*

6. Based upon the facts referenced *supra*, the Parties agree the following changes should be made to settlement administration and therefore request the court order as follows:

A. Jonathan Calderon is to be included as a member, for settlement purposes only, of the Technicians subclass, subject to the terms of the terms of the settlement as set forth in the Parties' Settlement Agreement, as amended, and the Order of Preliminary Approval.

B. The Claims Administrator and/or the Parties must prepare a written Supplemental Notice to Mr. Calderon, to which a copy of the original Notice of Settlement must be attached, that notifies him he has the right to submit a Claim/Consent form under the terms of the Settlement, including but not limited to the Parties' Settlement Agreement, as amended, the Notice of Settlement, and the Order of Preliminary Approval. Enclosed must be a Claim/Consent form prepared as required under the Parties' Settlement Agreement, as amended. The Supplemental Notice is to be mailed or handed to Mr. Calderon.

C. Since Mr. Calderon has already received the original Notice of Settlement, the Supplemental Notice must inform Mr. Calderon that he must mail or hand deliver the valid Claim/Consent form to the Claims Administrator no later than fourteen (14) days after the date of mailing or hand delivery.

D.     Aside from the procedure referenced in paragraph 6(A) through 6(C), this order makes no changes in the terms of settlement.

DATED: _____10/11/18_____     **REMPFER MOTT LUNDY**

By: _____*/s/ Scott Lundy*_____
    Joseph N. Mott
    Scott Lundy
    Attorneys for Plaintiffs and Class Counsel


DATED: _____10/11/18_____     **KAMER ZUCKER ABBOTT**

By: _____*/s/ Carol Davis Zucker*_____
    Carol Davis Zucker
    Nicole A. Young
    Attorneys for Defendant

## **ORDER**

For the reasons stated above and good cause appearing, it is hereby ordered as set forth in paragraph 6.

DATED" 10/12/2018_____     _____*George Foley Jr.*_____
**The Hon. George W. Foley**
**United States Magistrate Judge**